**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**GEORGE MASSEY**                                                                                       **PETITIONER**

**v.**                                                          **CIVIL ACTION NO. 3:22-cv-727-HTW-LGI**

**COMMISSIONER SEAN TINDELL and
ATTORNEY GENERAL LYNN FITCH**                                                   **RESPONDENTS**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

George Massey, through counsel, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254.  Respondents move to dismiss the petition for lack of subject matter jurisdiction.  Alternatively, Respondents contend that the petition should be dismissed as time barred under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act, or for failure to state a claim upon which relief may be granted.  Because Massey cannot meet § 2254's custodial requirement, the undersigned recommends that the petition be dismissed for lack of jurisdiction.

Massey was convicted in 2007 of lustfully touching his fourteen-year-old great niece in violation of Miss. Code Ann. § 97-5-23.  He was sentenced by the Circuit Court of Lauderdale County, Mississippi to serve a ten-year term in the custody of the Mississippi Department of Corrections, with five years suspended and five years of probation.  He was also ordered to register as a sex offender with the Mississippi Department of Safety and to refrain from any contact with the victim.  Miss Code Ann. § 45-33-25 (requiring registration with the Mississippi Department of Public Safety).  The

Mississippi Supreme Court affirmed the conviction and sentence in 2008. *Massey v. State*, 992 So. 2d 1161 (Miss. 2008).

More than two years after completing his sentence and probation, Massey initiated state post-conviction proceedings in 2020.[1] In support, he submitted as "newly discovered evidence," an affidavit, dated November 7, 2017, from the victim recanting her trial testimony. The victim, Brooke Massey, then 28 years old, asserted in her affidavit and post-conviction testimony that she had been coerced to make up the sexual assault story by Diane LaChalles—a friend of her mother's who was in a relationship with Massey at the time. Brooke could not explain why Diane, whom she asserted passed away after trial, wanted her to lie, but she testified that Diane told her that she would go to jail if she didn't. She could not explain why Diane said that failing to lie would cause her to go to jail, but she testified that she was young and "didn't ask her that." She was also questioned about the handwritten changes she made to her trial testimony in the margins of the trial transcript submitted as an exhibit at the post-conviction hearing. Though she could not always recall or make out her handwritten notations, Brooke testified that the notations were the truth and denied that she had been coerced by anyone to recant.

---

[1] Massey had filed a "Motion for Certificate of Rehabilitation" and a "Motion for Relief from Sex Offender Registration Requirement" in the Lauderdale Circuit Court in April 2019. Both were construed as motions for post-conviction collateral relief and dismissed for lack of jurisdiction by the lower court on April 4, 2019. *Savell v. State*, 78 So. 3d 376, 378 (Miss. Ct. App. 2011) ("Mississippi Supreme Court has initial jurisdiction over a post-conviction proceeding where the appellate court is the one that last exercised jurisdiction in the case."). Massey did not submit a "properly-filed" application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) until March 9, 2020.

2

Upon hearing her recantation testimony, however, the trial court explained that he did not find it to be convincing or credible:

> After leaving the stand three times, seemingly from uncontrollable emotions, Brooke Massey testified that [Massey] never touched her inappropriately and that a friend o[f] the family, Diane LaChalles coached the initial trial testimony to help [e]nsure a conviction of [Massey]. Brooke Massey recanted her trial testimony and testified that she supports the dismissal of [Massey]'s charges. Further, Brooke Massey admitted to lying about this case to her grandparents, the Wesley house interviewers and caretakers, the District Attorney's Office and to the Court at trial.
>
> Given the sincerity of this situation, the [c]ourt is not impressed with the testimony of Brooke. The [c]ourt is not convinced that a 14-year-old teenager could consistently and convincingly lie to all the entities involved in this matter. Further, the fact that Brooke waited from 2006 until 2019 to come forward with this information is disturbing.

The trial court denied Massey's post-conviction motion on these grounds. Finding no error, the Mississippi Court of Appeals affirmed the denial on July 27, 2021. Later petitions for rehearing and certiorari review were denied. *Massey v. State*, 329 So.3d 519, 524 (Miss. App., 2021) *reh'g denied*, Oct. 26, 2021, *cert. denied*, Dec. 16, 2021).

Massey now brings the instant petition, over five years after his sentence expired, challenging his continuing obligation to comply with Mississippi Sex Offender registration laws. *See* Miss Code Ann. § § 45-33-21 through 45-33-63. Maintaining his actual innocence, Massey asserts that the only mechanism to relieve him from a "life sentence of sex offender registry" is for him to be pardoned or his conviction "vacated through federal habeas corpus."

3

Under § 2254, a federal court may consider an application for a writ of a habeas corpus relief on behalf of "***a person in custody pursuant to the judgment of a State court*** only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983) (emphasis added) (internal quotation marks omitted). Federal courts do not have jurisdiction if, at the time the petition is filed, the petitioner is not "in custody" under the conviction or sentence which the petition attacks. *See Maleng v. Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). A petitioner is not "in custody" if the sentence imposed for that conviction has fully expired at the time the habeas petition is filed. *Id.*

Massey's petition and submissions affirmatively demonstrate that he was no longer in custody under the challenged conviction when he filed the instant petition on December 16, 2022. His ten-year sentence and probation, imposed in 2007, had fully expired before he initiated state post-conviction proceedings in 2020. Still, Massey maintains that this Court should find that Mississippi's sex offender registration requirement renders him "in custody" for purposes of federal review.

When recently confronted with this issue in *Lempar v. Lumpkin*, No. 20-50664, 2021 WL 5409266, at *1 (5th Cir. June 8, 2021) (Texas), the Fifth Circuit noted that it had twice before held that a petitioner's "obligation to register as a sex offender does not render him 'in custody' for purposes of a § 2254 challenge": *Sullivan v. Stephens*, 582 F. App'x 375 (5th Cir. 2014) (Texas) and *Johnson v. Davis*, 697 F. App'x 274, 275 (5th Cir.

4

2017) (Texas). In doing so, the Court noted that "until 2019, every circuit to consider the issue had reached the same conclusion." The outlier—the Third Circuit in *Piasecki v. Ct. of Common Pleas, Bucks Cnty., PA*, 917 F.3d 161, 163 (3d Cir. 2019).[2] There, the court concluded that § 2254's custodial jurisdictional requirement had been met for two reasons: (1) sentencing documents reflected that sex offender registration had been imposed as part of Piasecki's judgment, and (2) state court precedent had historically treated Pennsylvania's sex offender registration scheme as punitive, not remedial.

Massey submits that this Court should reject the Fifth Circuit's holdings in *Lempar*, *Sullivan*, and *Johnson* in favor of the Third Circuit's *Piasecki* rationale. He notes that *Lempar, Sullivan,* and *Johnson* all dealt with Texas's sex offender registration laws, and the Fifth Circuit has yet to address Mississippi's sex offender registration laws. He also contends that, like the petitioner in *Piasecki*, Mississippi's sex offender registration was imposed as part of his sentence. He specifically points to the terms of his sentencing order which provide that the registration is a continuing requirement and that, in pronouncing the "sentence of the Court," the trial court warned that failure to comply with registration "constitutes a felony for which he can be indicted for." Massey

---

[2] *See McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (Oregon); *Leslie v. Randle*, 296 F.3d 518, 521–23 (6th Cir. 2002) (Ohio); *Virsnieks v. Smith*, 521 F.3d 707, 719–20 (7th Cir. 2008) (Wisconsin); *Wilson v. Flaherty*, 689 F.3d 332, 335–39 (4th Cir. 2012); *Wilson*, 689 F.3d at 337–38 (Virginia); *Calhoun v. Att'y Gen. of Colorado*, 745 F.3d 1070, 1073–74 (10th Cir. 2014) (Colorado); *Sullivan*, 582 F. App'x 375 (Texas); *Hautzenroeder v. DeWine*, 887 F.3d 737, 739–40 (6th Cir. 2018) (Ohio); *Munoz v. Smith*, 17 F.4th 1237, 1244 (9th Cir. 2021) (Nevada); *Clements v. Fla.*, 59 F.4th 1204, 1212 (11th Cir. 2023), *cert. denied,* No. 23-107, 2023 WL 8531893 (U.S. Dec. 11, 2023) (11th Cir. 2023) (Florida).

also submits that the Mississippi's sex offender registration laws impose significant restraints on his liberty, not imposed on the public: "where he can live, where he can work, compulsory sharing of intimate details of his life, and the command by the government to be at certain places at certain times." Given these restraints, Massey submits the Court should find that he remains a person "in custody" for jurisdiction purposes. These arguments are unavailing.

Again, the plain text of § 2254 states that the petitioner must be "in custody *pursuant to the judgment of a State court."* 28 U.S.C § 2254(a) (emphasis added). Although a petitioner may be later subjected to the "collateral consequences" of a prior conviction, such as a sentencing enhancement in connection with a subsequent offense, the Supreme Court has long held that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. 488. It has observed that "a contrary ruling would mean that a petitioner whose sentence has completely expired could nonetheless challenge the conviction for which it was imposed at any time on federal habeas. This would read the 'in custody' requirement out of the statute . . . ." *Id.*

Moreover, even if the Court were to construe Massey's sentencing documents as he suggests, the Third Circuit's inquiry didn't end there. As the Fifth Circuit explained in *Lempar*, the Third Circuit relied on state court precedent construing Pennsylvania sex offender registration as punitive, not remedial, in reaching its decision. Texas's sex

6

offender registration laws had not been similarly construed. *Id.* at 173–74 (citing *Commonwealth v. Muniz*, 164 A.3d 1189, 1193 (Pa. 2017)). On the contrary, both the Fifth Circuit and Texas courts have "reached the opposite conclusion, holding that Texas's sex offender registration laws are remedial and not punitive." And while Massey is correct that the Fifth Circuit has yet to consider Mississippi's sex offender registration laws in this context, he does not show how this would change the outcome in his favor. Like Texas, Mississippi state courts have held that its sex-offender registration statute "establishes a civil, non-punitive regulatory scheme." *Jackson v. State*, 224 So. 3d 1254, 1257–58 (Miss. Ct. App. 2017) (quoting *Garrison v. State*, 950 So. 2d 990, 993 (Miss. 2006); *see also Williams v. State*, 161 So. 3d 1124, 1126 (Miss. Ct. App. 2015). And on at least one occasion, state courts have suggested that sex-offender registration will not save a state post-conviction application where there is no indication the petitioner is still serving the sentence from which he seeks state post-conviction relief. *Jackson*, 224 So. 3d at 1258

Because Massey is no longer in custody pursuant to the conviction or sentence under attack, the undersigned recommends that his petition be dismissed for lack of jurisdiction. Because the Court so finds, Petitioner's request for evidentiary hearing[3] and Respondents' alternative grounds for dismissal need not be addressed.

---

[3] 28 U.S.C. § 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and, the facts underlying the claim show by clear and convincing evidence that,

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on January 30, 2024.

s/ LaKeysha Greer Isaac  
UNITED STATES MAGISTRATE JUDGE

---

but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).