IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**GEORGE MASSEY**                                                             **PETITIONER**

**vs.**                                      **CIVIL ACTION No.: 3:22-CV-727-HTW-LGI**

**COMMISSIONER SEAN TINDELL and**
**ATTORNEY GENERAL LYNN FITCH**                                 **RESPONDENTS**

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THIS COURT is the Report and Recommendation of United States Magistrate Judge LaKeysha Greer Isaac **[Docket no. 11]**. In her Report and Recommendation, filed on January 30, 2024, Magistrate Judge Isaac recommended that Petitioner George Massey's("Massey") §2254[1] petition be dismissed for lack of jurisdiction because Massey is no longer in custody pursuant to the conviction or sentence under attack.

Under §2254(a), a federal court may consider an application for a writ for habeas corpus relief on behalf of "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States". *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983) (internal quotation marks omitted). Federal courts do not have jurisdiction if, at the time the petition is filed, the petitioner is not "in custody" under the conviction or sentence which the petition attacks. See *Maleng v. Cook*, 490 U.S. 488, 492, 109 S. Ct. 1923, 104 L. Ed. 2d 540 (1989). A petitioner is not "in custody" if the sentence

---

[1] **(a)** The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United State
28 U.S.C.A. § 2254 (West)

imposed for that conviction has fully expired at the time the habeas petition is filed. *Id*. This court is in lockstep with Magistrate Judge Isaac's finding that Massey was no longer in custody on December 16, 2022, when he filed his habeas petition *sub judice*.

Magistrate Judge Isaac directed the parties to file any objections to her recommendation within fourteen (14) days.  Massey timely filed his objections on February 13, 2024 [Docket no. 12]; thereafter, on February 16, 2024, Respondents filed their Rebuttal [Docket no. 13]. This court has studied the parties' submissions and finds therein no grounds to overturn the Magistrate Judge's findings.

Accordingly, based upon the findings and recommendation contained in the Report and Recommendation **[Docket no. 11]**, this court finds it well-taken. Magistrate Judge Isaac carefully considered the submissions of the parties, the record, and relevant law, and crafted a well-versed Report and Recommendation. Therefore, this court hereby ADOPTS the Report and Recommendation of the Magistrate Judge as the order of this court.

IT IS THEREFORE ORDERED THAT the Petitioner George Massey's 28 U.S.C. §2254 Petition for Writ of Habeas Corpus [Docket no. 1] hereby is **DISMISSED** with prejudice for lack of subject matter jurisdiction.

**SO ORDERED this the 4th day of September, 2024.**

**/s/HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**